## Yoder v. American Travellers Life Insurance Company

C.P. of Lehigh County, no. 1999-C-1820.

*Robert J. Magee,* for plaintiffs.
*Steven K. Huffer* and *Platte B. Moring III,* for defendants.

WALLITSCH, *J.,* January 24, 2002—Before this court is defendants' motion for summary judgment, which raises the same issues raised in defendants' motion for judgment on the pleadings. We addressed defendants' motion for judgment on the pleadings by order and memorandum opinion dated December 13, 2000, in which we granted judgment on the pleadings to Count III (unfair trade practices) and denied judgment to Counts I (declaratory judgment) and II (bad faith). Judgment was denied to Counts I and II because the record before us was incomplete. Defendants filed the instant motion for summary judgment and argue that the record has been supplemented and all necessary information is now before the court to make a determination in their favor on all counts.

Plaintiffs brought this action after plaintiff Jean F. Yoder was denied benefits under her "Supplement nursing home and health care policy" issued on August 17, 1989, by defendant, American Travellers Life Insurance Company, now known as Conseco Senior Health Insurance Company and Conseco Inc. Mrs. Yoder was confined to a nursing home in 1998 and subsequently made a claim under her insurance policy. Defendants denied her claim on the basis that she did not meet the condition in her policy that requires a three-day hospital stay within 30 days of the confinement to a nursing home. Plaintiffs do not dispute that the "hospital stay" condition was not met, but argue that said policy provision was not enforceable at the time Mrs. Yoder was confined to a nursing home because of subsequent legislation. Effective February 13, 1993, Pennsylvania legislation prohibited the inclusion of any exclusion in a long-term care policy of insurance, which conditions the payment of benefits upon prior institutionalization. 40 P.S. §991.1108, enacted December 15, 1992 (prior institutionalization statute). Plaintiffs assert that Mrs. Yoder was entitled to benefits under her insurance policy pursuant to the Prior Institutionalization Statute.

Defendants argue that the imposition of the statute to a policy delivered four years before the statute was enacted violates Article I, Section 10 of the United States Constitution, and Article I, Section 17 of the Constitution of the Commonwealth of Pennsylvania, which provide that no law may impair the obligation of contracts. Plaintiffs attempt to side-step defendants' constitutional argument by asserting that Mrs. Yoder's insurance policy was renewed after the statute was enacted, and such re-

newals constitute "new contracts" which would be modified by operation of law by the Prior Institutionalization Statute. In our prior memorandum opinion, we analyzed plaintiffs' reliance on *Golden Rule Insurance Co. v. Insurance Department,* 163 Pa. Commw. 509, 641 A.2d 1255 (1994), *appeal denied,* 540 Pa. 606, 655 A.2d 994 (1995), for the proposition that each renewal constitutes a new contract. We determined that *Golden Rule* was not as broad as plaintiffs' interpretation and pointed out that the Commonwealth Court discussed the creation of a new contract only when there was a renewal "at a different premium." We stated: "if there were no increased premiums imposed between the date of the enactment of the statute and Mrs. Yoder's nursing care, plaintiffs will be hard-pressed to claim that a new contract existed, even under the language of *Golden Rule.* We may end up revisiting this issue at a later stage in this case." Memorandum opinion, p. 5.

We are now revisiting this issue with the information that was not presented to us at the time the motion for judgment on the pleadings was decided. Specifically, plaintiffs responded to defendants' request for admissions, and admitted that "[t]here was no increase in renewal premium rates for policy no. 142814 between the date of the enactment of 40 P.S. §991.1108 in 1992 and plaintiff's, Jean F. Yoder, requirement for nursing home care in 1998." Defendants' request for admissions, no. 9.

Plaintiffs responded to defendants' motion for summary judgment by asserting that although a changed premium cannot form the basis that there was a "new" contract in this case, an issue of whether any change,

modification, addition or restriction to the contract occurred since 1992 still existed and prohibited the court from granting defendants' motion for summary judgment. As a result of plaintiffs' argument, we held this matter in abeyance and directed plaintiffs to answer defendants' interrogatories 32 and 33. Defendants' interrogatory no. 32 required plaintiffs to state, "whether, at any time after the initial date of the policy in question there were any amendments, riders or changes to the terms and conditions of a policy including the exclusions." Plaintiffs answered "no" to interrogatory no. 32, and further answered "not applicable" to interrogatory 33, which asked specific details regarding any such amendment, rider or change to the terms and conditions of the policy. Plaintiffs filed a supplemental brief after answering defendants' interrogatories, and conceded that "on the record now before this court, the plaintiff will be unable to raise any issue of a material fact to establish that there was a 'new' contract at any time after the enactment of the change in Pennsylvania law." Without any modifications to the policy after the statute became effective, the plaintiffs are left arguing that no "new" contract existed, but that the prior institutionalization statute should apply to Mrs. Yoder's policy because her policy was "renewed" on an annual basis.[1] However, as we previously addressed in our memorandum opinion, the legislature, if they had wanted, could have specifically set forth, as they did in other statutes, that the law should apply to insurance

---

1. The insurance policy provided on its coverage page, "[t]his policy is guaranteed renewable . . . . It may be kept in force by the timely payment of premiums. We cannot cancel this policy as long as you pay the premiums."

policies issued or *renewed* after a certain date. The legislature did not provide that the law should be applied to renewals, and instead, applied the instant statute to "all policies delivered or issued for delivery in this Commonwealth on or after the effective date of this article." 40 P.S. §991.1115. Accordingly, the renewals of the insurance policy did not warrant the applicability of the Prior Institutionalization Statute.

Plaintiffs also argued in the alternative that a novation occurred when American Travellers Life Insurance Company became Conseco Senior Health Insurance Company and Conseco Inc. Plaintiffs argued that the novation constituted a "new" contract and as a result, the Prior Institutionalization Statute applied to the policy as a matter of law after the novation. Plaintiffs' argument is rebutted, however, because defendants attached the authorized affidavit of Mark Shaw, senior vice president of Conseco Services LLC to its motion for summary judgment. Mr. Shaw's affidavit states that Conseco Senior Health Insurance Company is the same entity as American Travellers Life Insurance Company and there was never any assignment or assumption of the policy or any other policy of insurance originally issued under the name of American Travellers Life Insurance Company. Based on Mr. Shaw's affidavit it is clear that the American Travellers Life Insurance Company changed its name only. A novation did not occur and a "new" contract was not created that would apply the Prior Institutionalization Statute to Mrs. Yoder's insurance policy.

As a result of the additional information provided to this court in conjunction with defendants' motion for summary judgment, we find that there is no genuine is-

sue of material fact. Plaintiffs are not able to establish that the Prior Institutionalization Statute can be applied to the already existing insurance policy, and therefore, no benefits are owed to plaintiffs under Mrs. Yoder's policy. Defendants did not act in bad faith in denying Mrs. Yoder's claim for benefits because the denial was based on a condition set forth in her insurance policy that was not met. Accordingly, defendants are entitled to judgment as a matter of law.

## ORDER

And now, January 24, 2002, upon consideration of the defendants' motion for summary judgment, plaintiffs' supplemental brief relating to defendants' motion for summary judgment and defendants' reply brief, and for the reasons set forth in the opinion attached hereto, it is hereby ordered that said motion is granted, and judgment in the above matter is entered in favor of defendants.